[Crim. No. 11808. Third Dist. Aug. 17, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES REED, Defendant and Appellant.

150

**COUNSEL**

Walter L. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Susan Rankin Buntin, Deputy Attorneys General, for Plaintiff and Respondent.

PUGLIA, P. J.—Defendant appeals from the judgment of conviction entered upon his plea of guilty to forcible rape committed in concert with another person. (Pen. Code, §§ 261, subd. (2), 264.1; all further statutory references are to sections of the Penal Code.) Having judicially admitted that he was armed with a firearm in the commission of the rape in violation of section 12022.3, subdivision (b), defendant now contends the court erred in imposing sentence in accordance with his admission because he was not personally so armed and, defendant argues, section 12022.3, subdivision (b), punishes only those who are personally armed.[1]

■ We shall hold that section 12022.3, subdivision (b), applies only to one who is *personally* armed with a firearm or deadly weapon. Although defendant admitted the allegation that he was armed with a firearm, the record discloses that the admission was induced by official mischaracterization, based upon good faith misapprehension, of the scope and effect of section 12022.3, subdivision (b).[2] Accordingly, defendant must be afforded the opportunity to withdraw his admission. We turn now to analysis of section 12022.3.

---

[1]Section 12022.3 provides: "For each violation of Section 261, 264.1, 286, 288, 288a or 289, and in addition to the sentence provided, any person shall receive an enhancement (a) of three years if such person uses a firearm or any other deadly weapon in the commission of such violation or (b) of two years if such person is armed with a firearm or any other deadly weapon."

[2]At the hearing in which defendant entered his plea the following discussion occurred:

"THE COURT: Do you understand what you are charged with in connection with being armed with a weapon, Mr. Reed?

"DEFENDANT REED: Well, I really am not that clear. I really don't understand that.

"THE COURT: Don't you understand what being armed with a weapon means, Mr. Reed?

"DEFENDANT REED: Well, I really am not that clear. I really don't understand that.

"THE COURT: You don't understand what being armed with a weapon means, Mr. Reed?

"DEFENDANT REED: Yes, I understand that.

"THE COURT: Then you understand you are being charged with having a weapon in your possession?

"MR. MARLETTE [prosecuting attorney]: They are considered a violation, being armed by being with a principal person who is armed.

"THE COURT: I understand that. I want to ask him if he wants to know how this could happen, since he didn't have it on his person. Isn't that what you are concerned about?

"DEFENDANT REED: Yes.

"THE COURT: Mr. Marlette [prosecuting attorney], since you volunteered I will let you explain what that means.

"MR. MARLETTE: There is a law which does provide that when a principal in a crime when one of the persons who is connected with the crime personally uses a fire-

When statutory language is clear, there is no need for judicial construction. (*People* v. *Cole* (1982) 31 Cal.3d 568, 572 [183 Cal.Rptr. 350, 645 P.2d 1182]; *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].) The ambiguity of section 12022.3, subdivision (b), with respect to the category of persons liable for its increased penalty becomes apparent when it is compared with other enhancement provisions. Sections 12022, subdivision (b), 12022.7 and 12022.5 all expressly require "personal" culpability. The Supreme Court recently held regarding section 12022.7, that "[t]he choice of the word 'personally' necessarily excludes those who may have aided or abetted the actor directly inflicting the injury." (*People* v. *Cole, supra,* 31 Cal.3d at p. 572.) Indeed, "[i]t is doubtful that the Legislature could have enacted the statute in question more tersely to express the intended limitation on the class of individuals who may be exposed to an enhanced sentence for inflicting great bodily injury." (*Ibid.*) On the other hand, Penal Code section 12022, subdivision (a), applies ". . . whether or not such person is personally armed with a firearm." Thus the Legislature has demonstrated that it knows how to limit the scope of an enhancement provision to one who personally commits the proscribed act by expressly so declaring when that is the effect it intends to achieve. Conversely, the Legislature has also shown that it knows how to impose vicarious liability under an enhancement provision by expressly and unmistakably so declaring its intent. Section 12022.3, subdivision (b) does not measure up to either of these exemplars of legislative clarity. Section 12022.3, subdivision (b), does not expressly direct its application to particular persons or classes of persons. Therefore, in that respect, it suffers from the same uncertainty as former section 12022.5, a condition which required the Supreme Court "otherwise [to] determine the legislative intent" of the latter provision. (*People* v. *Walker* (1976) 18 Cal.3d 132, 240 [133 Cal.Rptr. 520, 555 P.2d 306].)[3]

arm, that is he has a weapon, a firearm, threatens with a firearm or actually discharges a firearm, that a co-participant or someone who helps him commit that crime is guilty of being armed with that weapon; the theory being that the two people were committing the crime together and if in this case you actually did not have the weapon in your hand, Mr. Shavers did, and did use it so that you also likewise are responsible for his use of that firearm.

"THE COURT: What he is saying in substance is that if two people are doing this same thing at the same time which is a crime and one is pointing a weapon that the other approves of that because he is with him even though he did not know he was going to do it. Then if they commit the crime then the other man is guilty of using the weapon too."

[3]Former section 12022.5 read in relevant part: "Any person who uses a firearm in the commission or attempted commission [of certain crimes shall be punished by an additional period of imprisonment]."

"Generally, if a statute is intended to impose derivative liability on some person other than the actor, there must be some legislative direction that it is to be applied to persons who do not themselves commit the proscribed act." (*People* v. *Walker, supra,* at pp. 241-242; *People* v. *Harris* (1977) 73 Cal.App.3d 76, 84 [140 Cal.Rptr. 697].) Since section 12022.3, subdivision (b), unlike other enhancement provisions, does not include such express legislative direction, it is reasonably susceptible to a construction which permits additional punishment only when the defendant is personally armed with a firearm or other deadly weapon. We believe this is the proper construction in view of the ambiguity of the statute, the absence of any legislative direction that it should impose liability derivatively, and the well-established policy that a penal statute is to be construed "as favorably to the defendant as its language and the circumstances of its application reasonably permit," entitling defendant "to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used . . . ." (*Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]; accord, *People* v. *Walker, supra,* 18 Cal.3d at p. 242; *Pringle* v. *City of Covina* (1981) 115 Cal.App.3d 151, 162, fn. 7 [171 Cal.Rptr. 251].)

The judgment is reversed and the cause is remanded to the trial court to allow the defendant an opportunity to withdraw his admission to the allegation that he was armed with a firearm in violation of section 12022.3, subdivision (b).

Evans, J., and Blease, J., concurred.