[No. F004722. Fifth Dist. Aug. 22, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
MARY LA RUE CULBERTSON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

Kyle Gee, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Shirley A. Nelson and George C. Spanos, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RITCHEY, J.\*—**

### STATEMENT OF THE CASE

Defendant appeals from her conviction by jury of oral copulation with a minor under the age of 14 and more than 10 years younger than she (Pen. Code, § 288a, subd. (c)).[1] The trial court denied defendant's motion to

---

\*Assigned by the Chairperson of the Judicial Council.

[1]All further statutory references are to the Penal Code unless otherwise indicated.

reduce the degree of the offense to violation of subdivision (b)(1) of section 288a, oral copulation with a person under the age of 18, and sentenced defendant to the median term of 6 years in state prison.

On appeal defendant contends (1) the trial court erred in permitting the jury to convict her on a finding that she, as an aider and abettor, was more than 10 years older than the minor victim, and (2) the trial court erred in failing to give CALJIC No. 2.02 (4th ed. 1984 pocket pt.).[2] We agree that the age differential referred to in section 288a, subdivision (c) relates to the two persons directly involved in an act of oral copulation; we do not agree that defendant's conviction must be reversed. However, we order the conviction modified.

### STATEMENT OF FACTS

In December 1982 seven-year-old Debbie L. (hereinafter L.) was living in an apartment with her mother, defendant herein, and her "dad," Mark Sherman Forbes. Forbes was not the child's natural father. L. slept in the smaller of the apartment's two bedrooms.

At some time prior to Christmas, defendant called L. into the larger bedroom which defendant shared with Forbes. Defendant and Forbes were in the room when the child entered, and Forbes was lying on the bed in his underwear. Defendant then pushed L. onto the bed, and defendant pulled Forbes' penis from his undershorts. Defendant put Forbes' penis into L.'s mouth and laughed while the child sucked on it. L. testified she did not want Forbes' penis in her mouth.

Defendant categorically denied any occurrence such as that to which L. had testified.

### DISCUSSION

I. *Is defendant's conviction of violating section 288a, subdivision (c), precluded by the prosecution's failure to prove Mark Sherman Forbes was at least 10 years older than the minor victim?*

Section 288a, subdivision (c), provides: "(c) Any person who participates in an act of oral copulation with another person who is under 14 years of age and more than 10 years younger than he, or when the act is accomplished against the victim's will by means of force, violence, duress, men-

---

[2]All CALJIC instructions referred to are from the fourth edition (1984 pocket part) unless otherwise indicated.

ace, or fear of immediate and unlawful bodily injury on the victim or another person shall be punished by imprisonment in the state prison for three, six or eight years." In the instant case, the prosecution established that the victim, L., was nine at the time of the trial in 1984 and that defendant was twenty-eight years of age. No evidence was presented concerning the age of Mark Sherman Forbes. This evidentiary gap was the basis for defendant's posttrial motion to reduce her conviction to a violation of section 288a, subdivision (b)(1), which proscribes oral copulation with another person under the age of 18 and makes such offense punishable by imprisonment in the state prison or in county jail for a period of not more than 1 year. The People opposed the motion, and the trial court denied defendant's motion without comment.

Defendant raises the same issue on appeal, and the response of the People is similar to that argued to the trial court, i.e., defendant was a *participant* in the offense within the meaning of the statute and thus proof that defendant was 10 years older than the minor victim is proof of the offense, whether or not Forbes' age was established. However, we agree with defendant that this failure of proof is fatal to her conviction under the subdivision charged.

The People first argue that the level of defendant's participation in the act here charged, i.e., summoning her daughter into the bedroom and physically compelling her into an act of oral copulation with Forbes, rendered defendant a direct participant in the offense and not a mere aider or abettor. However, this presupposes that the use of the term "participates" in the subdivision was intended to encompass persons beyond those two actually and physically necessary to accomplish an act of oral copulation. This argument also ignores the fact that the prosecution's *express* theory of defendant's criminal liability was that of aiding and abetting. In his closing argument, the prosecutor stated: "We ask you, ladies and gentlemen, for a verdict of guilty to the count that is charged before you.

"Now, we do so on the theory of aiding and abetting. We talked about that during voir dire. A person is liable for a crime if the person aids and abets and assists in some fashion in the commission of that crime. The fact that Mary Culbertson was not orally copulated does not make her innocent of this crime. His Honor is going to instruct you at length on the law, and the fact—the fact which she committed those acts, which I'm sure you will find, forcing her daughter to put her mouth on the penis of that man constitute aiding and abetting and that act of oral copulation. She is just if not more liable for that crime as Mr. Forbes."

Since the prosecution at trial based defendant's liability on the theory of aiding and abetting the offense, we decline the People's invitation to switch

theories in midstream and to review defendant's conviction as if defendant were the direct principal. *(People* v. *Smith* (1983) 34 Cal.3d 251, 271, fn. 12 [193 Cal.Rptr. 692, 667 P.2d 149].) Moreover, the jury was instructed on aiding and abetting (CALJIC Nos. 3.00 and 3.01); thus the jury found defendant criminally liable as a principal because with knowledge of Forbes' unlawful purpose and with the intent or purpose of committing, encouraging, or facilitating the commission of the offense, defendant, by act or advice, aided, promoted, encouraged, or instigated the commission of the crime. The jury did not find defendant actually and directly committed the crime; this court cannot presume to do so.[3]

Turning then to whether or not defendant, as an aider and abettor, was nevertheless a participant in the offense within the meaning of section 288a, subdivision (c), the statutory language (1) as construed by the court in *People* v. *Greenberg* (1980) 111 Cal.App.3d 181 [168 Cal.Rptr. 416], (2) as dictated by common sense, and (3) as clarified by the history of the statute, can only be construed to limit the term "participates" to those two people whose actual physical involvement is necessary to the act of oral copulation. Thus, for liability to arise under the particular charge it is necessary that one of those two persons be under the age of 14 and the other person directly involved be 10 or more years older.

In *People* v. *Greenberg, supra,* on which defendant places great reliance, defendant was charged with violating section 288a, subdivision (c). The defendant had been arrested while seated in the driver's seat of a vehicle; 21-year-old Miguel Gomez was sitting in the passenger seat, with his genital area exposed, and the defendant's 9-year-old stepdaughter was seated on the floorboard between Gomez' legs. The child was naked from the waist down. Both the child and Gomez testified that she had orally copulated him. Defendant had removed the child's clothing and encouraged her to perform the act of oral copulation on Gomez. The defendant's conviction was based on a theory of aiding and abetting. The original information had alleged that the defendant was 10 years older than the minor victim, but the trial court granted a prosecution motion to strike that allegation from the information. When all the evidence was in, including the ages of Gomez and the child, the trial court permitted the prosecution to amend the information to conform to proof by alleging that Gomez was more than 10 years older than the victim.

In *Greenberg,* the court reviewed a line of cases in which criminal liability was predicated on the theory of aiding and abetting despite the fact that

---

[3]However, the court's use of unmodified instruction CALJIC No. 10.41 (4th ed. 1979), together with a special finding in the verdict form, necessitated that the jury consider only whether defendant, rather than Forbes, was more than 10 years older than the child.

the defendant could not have been personally guilty of the offense. (See, e.g., *People* v. *Roberts* (1972) 26 Cal.App.3d 385 [103 Cal.Rptr. 25], sustaining the conviction of an adult for lewd and lascivious acts committed between children at his instigation; *People* v. *Haywood* (1955) 131 Cal.App.2d 259 [280 P.2d 180], sustaining the conviction of a woman for statutory rape when she aided and abetted the rape of her minor daughter; *Matter of Application of Kantrowitz* (1914) 24 Cal.App. 203 [140 P. 1078], sustaining the conviction of a man for the rape of his wife when he aided and abetted its commission by another.) The court then stated in part: "*Roberts* and the cases cited therein are also dispositive of any suggestion by defendant that his conviction under subdivision (c) of Penal Code section 288a require proof that he, the aider and abettor, was also more than 10 years older than the victim. While defendant may well have been 10 years older than the victim, this was not a subject of evidence in this case and there was no requirement of such evidence." (*People* v. *Greenberg, supra,* 111 Cal.App.3d at p. 186.)

In recognizing that the prosecution need not prove that one who aids or abets a violation of section 288a, subdivision (c), is more than 10 years older than a victim under the age of 14, the court in *People* v. *Greenberg, supra,* necessarily inferred that some person must satisfy that age requirement and that person must be the older of the two actual participants in the act itself.

This conclusion also flows logically from the language of the statute. The statute initially defines oral copulation, which is not, per se, a crime, as follows: "Oral copulation is the act of copulating the mouth of *one* person with the sexual organ or anus of *another* person." (§ 288a, subd. (a), italics added.) Although it is certainly true that the term "participates" as used in various subdivisions of section 288a *could* be construed to encompass three or more people, this construction would be erroneous in light of the definition of the act as provided by the statute. In subdivision (c) itself the legislators referred to any *person,* singular, who participates in an act of oral copulation with *another person,* again utilizing the singular form of the noun. Significantly, the statutory language prior to its 1975 amendment[4]

---

[4]Prior to the amendment, section 288a provided: "Any person participating in an act of copulating the mouth of one person with the sexual organ of another is punishable by imprisonment in the state prison for not exceeding 15 years, or by imprisonment in the county jail not to exceed one year; provided, however, whenever any person is found guilty of the offense specified herein, and it is charged and admitted or found to be true that he is more than 10 years older than his coparticipant in such an act, which coparticipant is under the age of 14, or that he has compelled the other's participation in such an act by force, violence, duress, menace, or threat of great bodily harm, he shall be punished by imprisonment in the state prison for not less than three years. The order of commitment shall expressly state whether a person convicted hereunder is more than 10 years older than his coparticipant and

referred to a *co*participant, which makes even more clear that the participants contemplated by the Legislature were those two directly, personally, and physically involved in the act.[5] Nothing in the legislative history suggests that the 1975 change in statutory language was intended to broaden the class encompassed within the term "participates"; the amendment merely simplifies and clarifies the language of the statute.

When subdivision (c) is compared to subdivision (d) of section 288a, it seems clear the Legislature can write a statute intended to encompass persons beyond the two directly involved in a sexual act if it desires to do so. Subdivision (d) provides in part, "Any person who, while voluntarily acting in concert with another person, *either personally or by aiding and abetting such other person,* commits an act of oral copulation . . . ." Had the Legislature intended a similar result in subdivision (c), it could have inserted a similar phrase in that subdivision. For example, if subdivision (c) provided that "Any person who participates in an act of oral copulation, either personally or by aiding and abetting another person, with a minor under 14 years of age and more than 10 years younger than he . . ." there would seem to be little question that defendant could properly be convicted upon proof that she herself was 10 years or more older than the minor victim. The statute is not thus written, and therefore that result does not follow.

■ Our interpretation is in accordance with the well-established general principle of statutory construction, that " 'the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole. [Citations omitted.]' " (*Palos Verdes Faculty Assn.* v. *Palos Verdes Peninsula Unified Sch. Dist.* (1978) 21 Cal.3d 650, 658-659 [147 Cal.Rptr. 359, 580 P.2d 1155].)
■ The People's construction of the statutory language would also offend the more particularized rule that " '[i]t is the policy of this state to construe a penal statute as favorably to the defendant as its language and the circumstances of its application may reasonably permit . . . .' " (*Carlos* v. *Superior Court* (1983) 35 Cal.3d 131, 145 [197 Cal.Rptr. 79, 672 P.2d 862].)

■ Therefore, we conclude that the prosecution's failure to prove that Mark Sherman Forbes, the actual participant in the act of oral copulation, was 10 or more years older than the minor victim, L., rendered the evidence insufficient to sustain defendant's conviction under section 288a, subdivision (c). ■ However, "[a]n appellate court is not restricted to the remedies

---

whether such coparticipant is under the age of 14. The order shall also state whether a person convicted hereunder has compelled coparticipation in his act by force, violence, duress, menace, or threat of great bodily harm."

[5]The applicable jury instruction retains the "coparticipant" language. (CALJIC No. 10.41 (4th ed. 1979).)

of affirming or reversing a judgment. Where the prejudicial error goes only to the degree of the offense for which the defendant was convicted, the appellate court may reduce the conviction to a lesser degree and affirm the judgment as modified. . . ." (*People* v. *Alexander* (1983) 140 Cal.App.3d 647, 666 [189 Cal.Rptr. 906]. See also § 1260; *People* v. *Steger* (1976) 16 Cal.3d 539, 553 [128 Cal.Rptr. 161, 546 P.2d 665, 83 A.L.R.3d 1206].)

Accordingly, we will modify the judgment consistent with defendant's posttrial motion and reduce her conviction to a violation of section 288a, subdivision (b)(1). ▬ As the Supreme Court pointed out in *People* v. *Francis* (1969) 71 Cal.2d 66, 73 [75 Cal.Rptr. 199, 450 P.2d 591], " '[W]here an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.' [Citations omitted.]" ▬ Since subdivision (b)(1) requires only that one participant to an act of oral copulation be under the age of 18, this is a necessarily included offense of subdivision (c), requiring one of the participants to be under the age of 14 and the other to be at least 10 years older.

II. *Did the trial court err in failing to give CALJIC No. 2.02?**

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

The judgment is modified by reducing defendant's conviction of violating section 288a, subdivision (c), to conviction of violating section 288a, subdivision (b)(1), a necessarily lesser included offense. As so modified, the judgment is affirmed. The cause is remanded for resentencing in accordance with this opinion.

Woolpert, Acting P. J., and Best, J., concurred.

---

*See footnote on page 508, *ante*.