[No. F018648. Fifth Dist. Apr. 19, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
JONATHAN DAVID RENER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II of the Discussion.

**COUNSEL**

Howard J. Stechel, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, J. Robert Jibson and Karen L. Ziskind, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**THAXTER, J.**—Agreeing with the analysis of the Third Appellate District in *People* v. *Reed* (1982) 135 Cal.App.3d 149 [185 Cal.Rptr. 169], we will hold that an enhancement pursuant to Penal Code[1] section 12022.3 for using or being armed with a firearm or deadly weapon during the commission of certain sex crimes can be imposed only when the defendant "personally" uses or is armed with the weapon.

Appellant Jonathan David Rener was convicted by a jury on one count of forcible rape (§ 261, subd. (a)(2)) and one count of kidnapping with intent to

---

[1]All statutory references are to the Penal Code unless otherwise noted.

commit rape (§ 208, subd. (d)). He was acquitted on a separate count charging assault with a firearm in violation of section 245, subdivision (a)(2). The jury found that a firearm was used in the commission of the rape within the meaning of section 12022.3, subdivision (a), that a principal was armed during the commission of the rape and the kidnapping, and that Rener and his codefendant, Darrell White, acted in concert to aid and abet each other during the rape. White was convicted of similar charges, together with assault with a firearm, and the jury found true additional special allegations as to White, including one that he personally used a firearm during commission of the kidnapping and rape.

The trial court denied probation and sentenced Rener to the middle term of seven years on the rape count; the lower term of five years for the kidnapping, to run concurrent to the rape sentence; the mitigated term of three years for the use of a deadly weapon enhancement (§ 12022.3, subd. (a)), to run consecutive to the rape sentence; and a one-year term for the arming enhancement (§ 12022, subd. (a)(1)), which was stayed. Additional terms were imposed for another conviction unrelated to this case which added one year to the aggregate term, for a total of eleven years in state prison.

FACTS

On September 9, 1991, at approximately 11 p.m., Debbie I. and Patricia P. were walking on Vineyard Avenue in Madera. They saw White and Rener, who were also walking on Vineyard but on the opposite side of the street. The women did not know either man. Debbie called out to the two men and asked for a cigarette. The four stood talking in the middle of the street for a short time. White gave Debbie a cigarette and lit it for her. White asked the two women if they knew what a gun with a silencer was and then said if he shot Debbie with a silencer, no one would hear. White then grabbed Debbie by the arm and stuck what appeared to be a gun in her stomach. He escorted her into the garage of a nearby house which was under construction. Patricia and Rener followed. Patricia believed Debbie was scared but she did not see the gun. The house had no doors on it.

While Patricia and Rener stayed in the garage, White took Debbie to another room of the house. They were gone for a short time and then returned. He then took her to another room. Patricia yelled for them to leave. White told Debbie to tell her friend to go; Debbie complied. White then took Debbie to the backyard of the house and directed her to remove some of her clothing. She complied and he then raped her.

Patricia began to get scared. She pretended to see a vehicle coming. She said, "Here [] comes a cop car," and then walked into the street. As she left,

Rener stated, "if you leave I'll shoot you." Ignoring the threat, Patricia ran to the corner gas station and called the police. Rener walked out to the backyard where White was raping Debbie. He stood about two feet away from White and Debbie and said "she took off running." He then walked back into the garage.

After White completed the rape, he and Rener left. Debbie got dressed and ran to the gas station where Patricia was telling police officers that her friend was being held against her will. After some delay Debbie reported to the police that she had been raped. She was transported to the hospital where she was interviewed and examined. Semen which could have been White's was found in Debbie's vagina.

Neither woman saw Rener with a weapon.

*Defense*

Rener testified on his own behalf. His story was similar to the one told by the women except that he denied that sexual activity occurred and denied that White had a gun. He also denied ever telling Patricia he would shoot her if she left.

DISCUSSION

I. *The Section 12022.3 Enhancement.*

Appellant's sole contention is that the three-year enhancement imposed under section 12022.3, subdivision (a) should be stricken. He argues that there was insufficient evidence to support the jury's finding of that enhancement against him and that the jury was not properly instructed on the enhancement. Respondent concedes there was instructional error which requires us to strike the enhancement. Respondent goes on, however, to contend that the judgment should be modified by treating the jury's finding as relating to the "lesser included" arming enhancement of section 12022.3, subdivision (b).[2]

A. *Sufficiency of the Evidence*

Generally the test to determine whether sufficient evidence exists to support a conviction is whether, after examining the entire record in the light

---

[2]At the time of the instant offenses, section 12022.3 read as follows: "For each violation of Section 261, 262, 264.1, 286, 288, 288a, or 289, and in addition to the sentence provided, any person shall receive the following:

"(a) A three-, four-, or five-year enhancement if the person uses a firearm or any other deadly weapon in the commission of the violation.

"(b) A one-, two-, or three-year enhancement if the person is armed with a firearm or any other deadly weapon. The court shall order the middle term unless there are circumstances in

most favorable to the judgment below and presuming in support of the judgment the existence of every fact that can reasonably be deduced from the evidence, there is any reasonable support for the jury's verdict. (*People v. Johnson* (1980) 26 Cal.3d 557, 576 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]; *In re James D.* (1981) 116 Cal.App.3d 810, 813 [172 Cal.Rptr. 321].) In this case the argument turns not on the presence or absence of factual support, but whether a section 12022.3 enhancement can rest on vicarious, rather than personal, use or arming. Rener argues there is no evidence to support a finding that he personally used a firearm during the commission of the offenses.

At trial the prosecutor expressly conceded there was no evidence showing appellant personally *used* a firearm during the offenses. On appeal respondent impliedly concedes there was no evidence that appellant was personally *armed*. Respondent points to evidence supporting the jury's findings with respect to White and relies on that evidence in arguing that the arming enhancement extends to appellant, "assuming this Court finds that the armed enhancement under section 12022.3, subdivision (b), applies vicariously . . . ."

We agree with the parties that there was no evidence showing appellant personally used or was armed with a firearm during the offenses. The only evidence connecting Rener with a weapon is Patricia's testimony that Rener told her he would shoot her if she left the garage. Patricia left despite the threat and no shots were fired. Patricia and Debbie both testified they did not see Rener with a gun. Although police investigating the crimes located and retrieved a handgun from the home of White's stepfather, there was no evidence tying it to the crimes and, more importantly, no fingerprints or other evidence linking it to appellant.

■ Because there is no evidence that Rener was personally armed with or personally used a firearm, a section 12022.3 enhancement cannot be sustained as to Rener unless it can rest on a theory of vicarious liability.

## B. *Vicarious vs. Direct Liability*

Section 12022.3, subdivision (a) provides an additional punishment of three, four, or five years "*if the person uses* a firearm or any other deadly weapon in the commission" (italics added) of any of certain enumerated sex offenses, including forcible rape. Section 12022.3, subdivision (b) provides an additional punishment of one, two, or three years "*if the person is armed* with a firearm or any other deadly weapon." (Italics added.)

---

aggravation or mitigation. The court shall state the reasons for its enhancement choice on the record at the time of the sentence."

Two appellate courts have considered the precise issue presented here—whether the enhancements under section 12022.3 can rest on vicarious rather than personal arming or use—with diametrically opposite results.

In *People* v. *Reed, supra,* 135 Cal.App.3d 149, the Third Appellate District concluded section 12022.3, subdivision (b) applies only when a defendant is personally armed with a firearm or other deadly weapon. Comparing the use of "personally" in sections 12022, subdivision (b), 12022.5, and 12022.7 with the express language of 12022, subdivision (a) allowing vicarious liability, the court observed the Legislature knows how to limit or impose derivative liability by using express language which unmistakably declares its intent. The court reasoned the Legislature's failure to do so in section 12022.3 created an ambiguity which requires judicial interpretation. Finding no assistance in the legislative history, the court concluded vicarious liability could not be imposed in the absence of express legislative directive.

The Fourth District disagreed with *Reed* in *People* v. *Le* (1984) 154 Cal.App.3d 1 [200 Cal.Rptr. 839]. It stated *Reed* would lead to an absurd result, i.e., if two perpetrators commit a rape, one holding the gun while the other rapes the victim, only the one holding the gun would receive the enhancement. It reasoned since the Legislature knows how to limit vicarious liability, it would have done so as it did in sections 12022, subdivision (b), 12022.5 and 12022.7 had this been its intent. (*People* v. *Le, supra,* 154 Cal.App.3d at p. 11.)

In reaching its conclusion in *People* v. *Reed, supra,* 135 Cal.App.3d 149, the Third District relied on and followed the reasoning of the California Supreme Court when it considered a similar question in *People* v. *Walker* (1976) 18 Cal.3d 232 [133 Cal.Rptr. 520, 555 P.2d 306]. In *Walker,* the statute at issue was section 12022.5, which at that time read "any person who uses a firearm in the commission or attempted commission" of various enumerated offenses was subject to an increased penalty. The court in *Walker* held that as written, the statute was ambiguous because it did not expressly direct its application to particular persons or classes of persons. Therefore, the court stated it must look to legislative intent for assistance in interpreting the statute. Ultimately the court concluded the statute did not apply to derivative behavior and that only a defendant whose personal behavior came within the ambit of the statute was subject to increased punishment.

The court in *Walker* stated a general rule as follows: "Generally, if a statute is intended to impose a derivative liability on some person other than the actor, there must be some legislative direction that it is to be applied to

persons who do not themselves commit the proscribed act." The court went on to say that the direction found in section 31, which defines aiders and abettors as principals in the commission of criminal offenses, did not provide the needed direction because enhancement statutes increase punishment rather than define certain conduct as criminal. (*People* v. *Walker, supra,* 18 Cal.3d at pp. 241-242.) The court also noted that section 12022, subdivision (a) (as it then read) had consistently been interpreted to apply only to those "personally" armed and that because of the relationship between the two statutes it would be inappropriate to find section 12022.5 applied to a different class of individuals. (*Walker, supra,* at p. 242.) Section 12022, subdivision (a) provides an increased penalty for "any person" who commits a felony while armed with a firearm or deadly weapon. (18 Cal.3d at p. 242, fn. 5.)

Finally, *Walker* stated its conclusion was also compelled by the established policy to construe statutes in favor of the defendant whenever language and circumstances reasonably permit. (18 Cal.3d at p. 242.)

The *Le* court did not discuss the *Walker* case and was subsequently criticized for its failure in *People* v. *Piper* (1986) 42 Cal.3d 471, 477, footnote 5 [229 Cal.Rptr. 125, 722 P.2d 899]. In *Piper* the court, applying *Walker*'s analysis, concluded section 1192.7, subdivision (c)(23) and (c)(8) did not extend to vicarious use because they did not contain specific legislative directives that they be applied vicariously. The court compared the language of section 1192.7 and that of the amended section 12022, subdivision (a) which states expressly the enhancement is applicable even if the defendant is *not personally* armed with a firearm. (Stats. 1977, ch. 165, § 91, p. 678.) The court commented that since *Walker,* "the Legislature has been quite explicit when it intends an enhancement provision to apply to a defendant even though he himself does not commit the proscribed act." (*People* v. *Piper, supra,* 42 Cal.3d at p. 477.)

The *Piper* opinion favorably cites *People* v. *Reed, supra,* 135 Cal.App.3d 149 and, as noted, criticizes *People* v. *Le, supra,* 154 Cal.App.3d 1. (42 Cal.3d at p. 477, fn. 5.)

In *People* v. *Cole* (1982) 31 Cal.3d 568 [183 Cal.Rptr. 350, 645 P.2d 1182] the Supreme Court dealt with another similar issue when it interpreted section 12022.7 as requiring personal conduct by the defendant before additional punishment could be imposed. Section 12022.7 provides an enhancement for "any person . . . who personally inflicts great bodily injury." The court stated as follows: "The legislative response to [*People* v.] *Walker* buttresses our interpretation of section 12022.7, rejecting the proposition that

enhancement liability may be based on prohibited conduct performed by one other than the charged defendant. The 1977 amendment to section 12022.5 endorsed the judicial interpretation enunciated by *Walker*, so that the statute now explicitly requires that the defendant personally use a firearm before the provision is applicable. The 1977 amendments to sections 12022, 12022.5, and 12022.7 clearly differentiate between the class of persons who commit felonies *armed* with a firearm and those who *use* firearms, other dangerous weapons, or inflict great bodily injury. The language of section 12022, subdivision (a), '. . . whether or not such person is personally armed with a firearm,' contrasted with section 12022, subdivision (b), '[a]ny person who personally uses a deadly or dangerous weapon . . .' demonstrates a legislative intent to draw the line of distinction at the actor who himself commits the prohibited conduct. Significantly, the 1977 amendments simultaneously added the 'personally' requirement to sections 12022, subdivision (b), 12022.5, and 12022.7. (Stats. 1977, ch. 165, §§ 91, 92, 94, eff. June 29, 1977, operative July 1, 1977; see also *Review of Selected 1977 California Legislation* (1978) 9 Pacific L.J. 281, 470-472.) In section 12022, subdivision (a) the Legislature has rejected limiting the class to those who are actually armed with a firearm while indorsing the restriction in sections 12022, subdivision (b), 12022.5 and 12022.7 as to those who themselves use deadly or dangerous weapons or inflict great bodily injury. In these amendments, we discern a legislative intent to uniformly limit the class of persons to whom the 'use' and 'great bodily injury' enhancements are applicable to those who themselves commit the prohibited conduct." (*People* v. *Cole, supra*, 31 Cal.3d at p. 576.)

While *Reed* and *Le* are the only cases specifically dealing with section 12022.3, several appellate courts have struggled with analogous statutes.

In *People* v. *Fulton* (1984) 155 Cal.App.3d 91 [201 Cal.Rptr. 879], another panel of the Fourth District followed *Le* and determined that section 12022.6 could be applied vicariously. Section 12022.6 applies to "any person" who takes property of particular value. The court in *Fulton* reasoned *Reed* could allow an absurd result. The person who masterminds a theft could receive a lesser punishment than the lackey who actually steals the property. While rejecting *Reed*, the *Fulton* court did not mention the Supreme Court's decision in *Walker*, upon which *Reed* relied.

In *People* v. *Ramirez* (1987) 189 Cal.App.3d 603 [233 Cal.Rptr. 645], the First District concluded section 12022.8 was analogous to section 12022.3, followed *Reed*, and held the section could not be applied vicariously. Section 12022.8 provides for enhancement of sentence for "[a]ny person who inflicts great bodily injury" on a victim of specified sex offenses. In *In re Jose D.*

(1990) 219 Cal.App.3d 582 [268 Cal.Rptr. 364], the Second District followed *Ramirez, Reed* and *Walker* and concluded section 12022.55 could not be applied vicariously. Section 12022.55 provides an enhancement for "any person" who inflicts great bodily injury or death by discharging a firearm from a motor vehicle. The court in *Jose D.* reasoned the use of the words "any person" reasonably implies direct action, not vicarious liability. (*Jose D., supra,* 219 Cal.App.3d at p. 587.)

While this court has not previously decided whether an enhancement applies vicariously, in the absence of express statutory language to that effect, we have cited *Reed* approvingly. In *People v. Manners* (1986) 180 Cal.App.3d 826 [225 Cal.Rptr. 798], this court considered the probation-disqualifying provision of section 1203.066, subdivision (a)(9). We acknowledged the *Reed-Le* conflict and noted that we had "in effect followed the *Reed* approach to statutory construction" in *People v. Culbertson* (1985) 171 Cal.App.3d 508 [217 Cal.Rptr. 347].[3] (180 Cal.App.3d at pp. 831-832.) We went on to distinguish *Culbertson* on the grounds that the legislative history of section 288a, subdivision (c) did not assist the court in evaluating the statutory language in *Culbertson*, but the legislative history of section 1203.066, subdivision (a)(9) was instructive. That history evidenced a concern that child molesters who engage in substantial sexual behavior with their victims be ineligible for probation because of the level of psychological or physical harm to which the victim was exposed, and the concern extended equally to those who personally engage and those who vicariously engage in such behavior. (180 Cal.App.3d at pp. 832-833.)[4]

Additionally, in *People v. Rodriguez* (1990) 219 Cal.App.3d 688 [268 Cal.Rptr. 581] this court cited *Reed* when we identified "person" and "personally" as accepted words of legal art meaning direct, not vicarious, liability. (*Id.* at p. 693.)[5]

---

[3] *Culbertson* held that the age differential specified in section 288a, subdivision (c) ("Any person who participates in an act of oral copulation with another person who is under 14 years of age and more than 10 years younger than he or she . . .") refers to the ages of the two people who physically engage in the act of oral copulation, not to the age of an aider and abettor.

[4] In *People v. Maciel* (1985) 169 Cal.App.3d 273 [215 Cal.Rptr. 124], this court held that a court may impose only a single enhancement under section 12022.3 on a defendant convicted of committing a specified sex offense, even if more than one weapon is involved in the crime. Although the facts of that case indicate one of the enhancements found true was for vicarious arming, this court's opinion did not discuss the issue with which we are concerned here.

[5] The precise issue in *Rodriguez* was whether section 667.7, which imposes an enhancement when "a person" convicted of a felony in which the "person" inflicts great bodily injury or "personally used force" likely to produce such injury has previously served two prior prison terms, required that the prior prison terms be the result of a conviction based on personal acts

It thus appears that the weight of authority has endorsed the analysis in *Reed*. The Supreme Court and the First, Second, and Fifth Appellate Districts have all adopted or approvingly cited that analysis while *Le* has been accepted only in the Fourth District. *Le* simply fails to address the Supreme Court's analysis in *Walker* which is the lodestar by which we must be guided.

Respondent argues the Legislature's failure to insert the word "personally" as it has done when amending other sections means it did not intend to limit liability to direct personal conduct. However, the obverse argument is at least as strong—i.e., the Legislature's failure to insert the word "personally" means the Legislature believes its use of the words "any person" sufficiently communicates its intent to impose only direct liability, especially given the number of cases which state these words imply direct liability and not vicarious liability. (*People* v. *Piper, supra,* 42 Cal.3d at p. 477; *In re Christopher R.* (1993) 6 Cal.4th 86, 94 [23 Cal.Rptr.2d 786, 859 P.2d 1301]; *People* v. *Rodriguez, supra,* 219 Cal.App.3d at p. 693; *In re Jose D., supra,* 219 Cal.App.3d at p. 587; *People* v. *Ramirez, supra,* 189 Cal.App.3d at p. 627.)

As we observed in *Rodriguez,* the Legislature knows how to limit and to impose vicarious liability. Had it wanted to impose vicarious liability, it could have done so expressly as it did in section 12022, subdivision (a). Section 12022.3 was added after *Walker* and has been amended since *Reed.* (Stats. 1979, ch. 944, § 17, p. 3263, amended by Stats. 1989, ch. 1167, § 3, p. 4529; Stats. 1991, ch. 512, § 1.) And, unlike the case in *People* v. *Manners, supra,* 180 Cal.App.3d 826, we have not been shown that the legislative history of section 12022.3 discloses an intention to encompass vicarious liability.

We conclude that the language of section 12022.3 (either subd. (a) or (b))[6] must be read as imposing direct liability only. Accordingly, the enhancement under section 12022.3, subdivision (a) must be stricken, and there is no basis for imposing the "lesser included" enhancement of subdivision (b). The matter will be remanded for resentencing.

and not vicarious liability. Rodriguez claimed that the words "person" and "personally" in that part of section 667.7 which described the current offense also applied in that part of the section referring to the prior prison terms. He argued he was not subject to section 667.7 because his prior prison terms were based on liability as an aider and abettor. The argument was rejected and the enhancement was affirmed.

[6]The operative language in both subdivisions is "the person." The two subdivisions are identical except for the target conduct, use as opposed to arming, and the enhancement imposed, three, four, or five years as opposed to one, two, or three years. If subdivision (a) is limited to direct liability, logic demands subdivision (b) is also limited to direct liability.

II.   *CALJIC No. 2.90.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment of conviction is affirmed. The matter is remanded with directions to strike the enhancement found under section 12022.3, subdivision (a) and to resentence appellant.

Stone (W. A.), Acting P. J., and Dibiaso, J., concurred.

---

*See footnote, *ante*, page 258.